# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 16-cv-00458-JED-JFJ ) ) |
| (1) REGINA LUSK and<br>(2) BOBBIE SADLER, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment (Doc. 23) filed by Plaintiff State Farm Fire and Casualty Co. ("State Farm"). Defendant Bobbie Sadler ("Sadler") filed a Response (Doc. 29), but Defendant Regina Lusk ("Lusk") failed to do so. State Farm subsequently filed a Reply (Doc. 30).

This declaratory judgment action relates to an accident that was the subject of a negligence action in the Oklahoma County District Court, *Sadler v. Lusk*, CJ-2014-5707. (*See* Doc. 2-2). In that action, Sadler alleged that she sustained personal injuries when Lusk hit her and ran her over with an all-terrain vehicle ("ATV") at Lake Eufala. (Doc. 2-2 at 1 [Pet. at ¶¶ 3-4]). At the time of the accident, Lusk had a homeowners insurance policy ("the Policy") with State Farm. State Farm seeks a judgment from this Court declaring that the Policy does not cover any loss related to the aforementioned negligence suit and that State Farm has no duty to defend Lusk or satisfy any judgment secured against Lusk.

I.  **Summary Judgment Standards**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "By its very terms, [the Rule 56] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–48 (emphasis in original). In this case, State Farm and Sadler agree that there are no material facts in dispute. (*See* Doc. 29 at 18).[1] By failing to respond to the summary judgment motion, Lusk is deemed to have admitted State Farm's assertions of fact. *See* Fed. R. Civ. P. 56(e); Local Rule 56.1. The sole issue for the Court to determine is whether the subject incident occurred on an "insured location" and is, therefore, covered by the Policy.

## II. Insurance Contract Construction

Under Oklahoma law, "the cardinal rule in contract interpretation is to determine and give effect to the intent of the parties." *Porter v. Okla. Farm Bureau Mut. Ins. Co.*, 330 P.3d 511, 515 (Okla. 2014) (quoting *In re Kaufman*, 37 P.3d 845, 853 (Okla. 2001)). "When policy provisions are clear, consistent, and unambiguous, [Oklahoma courts] look to the plain and ordinary meaning of the policy language to determine and give effect to the parties' intent." *Id.* By contrast, "[w]hen an insurance contract provision is ambiguous, words of inclusion will be liberally construed in favor [of] the insured, and words of exclusion will be strictly construed against the insurer." *Haworth v. Jantzen*, 172 P.3d 193, 197 (Okla. 2006). "An insurance contract is ambiguous only if it is susceptible to two constructions on its face from the standpoint of a reasonably prudent layperson," and Oklahoma courts "will not indulge in forced or constrained interpretations to create and then construe ambiguities in insurance contracts." *Id.* at 196.

---

[1] The page numbers referenced in this opinion are those found in the header of each document.

**III.    "Insured Location"**

The Policy includes the following clause regarding personal liability coverage:

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:

1. pay up to our limit of liability for the damages for which the insured is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.

(Doc. 24-3 at 38).

The Policy specifically excludes from coverage any "bodily injury or property damage arising out of ownership, maintenance, use, loading or unloading of . . . a motor vehicle owned or operated by or rented or loaned to any insured." (*Id*. at 40). The Policy's definition of a "motor vehicle" includes "a 'recreational vehicle' while off an insured location." (*Id*. at 8). A "recreational vehicle," in turn, is defined as follows:

[A] motorized vehicle designed for recreation principally off public roads that is owned or leased by an insured. This includes, but is not limited to, a motorized all terrain vehicle, amphibious vehicle, dune buggy, go-cart, golf cart, snowmobile, trailbike, minibike and personal assistive mobility device.

(*Id*.).

The parties do not dispute that the subject incident involved Lusk's use of a recreational vehicle, as defined by the Policy. (Doc. 29 at 8, Doc. 24 at 11). The parties, instead, dispute whether the incident occurred "while off an insured location." An "insured location" is defined by the Policy as:

a.      the residence premises;

3

> b. the part of any other premises, other structures and grounds used by you as a residence. This includes premises, structures and grounds you acquire while this policy is in effect for your use as a residence;
>
> c. any premises used by you in connection with the premises included in 5.a. or 5.b.;
>
> d. any part of a premises not owned by an insured but where an insured is temporarily residing;
>
> e. land owned by or rented to an insured on which a one or two family dwelling is being constructed as a residence for an insured;
>
> f. individual or family cemetery plots or burial vaults owned by an insured;
>
> g. any part of a premises occasionally rented to an insured for other than business purposes;
>
> h. vacant land owned by or rented to an insured. This does not include farm land; and
>
> i. farm land (without buildings), rented or held for rental to others, but not to exceed a total of 500 acres, regardless of the number of locations.

(Doc. 24-3 at 25).

The parties agree that the accident involving the ATV occurred off of Lusk's property, on a sandy embankment 0.32 miles away from the "residence premises," Lusk's lake house. (Doc. 24-8). This embankment is part of the public access to the beach owned by the Army Corps of Engineers. (Doc. 24-6 at 6-7; Doc. 24-9 at 7). In order to reach the embankment from Lusk's house, one would cross the street, access an unpaved road, take that road for one block, then turn right onto another unpaved road, which leads all the way—approximately three blocks—to the beach access point. (Doc. 24-6 at 10; Doc. 24-9 at 5-6). The road leading to the beach has a warning sign that states "Golf Carts on Roadway." (Doc. 29-2).

Lusk has testified that she goes to her lake house three times per month, on average. (Doc. 29-1 at 4). She has also testified that, during the summer, she regularly uses her ATV to drive to

the beach from her lake house. (*Id*. at 8). Sadler argues that the subject incident occurred in an "insured location" because the sandy embankment was used by Lusk "in connection with the [residence] premises." (*See* Doc. 24-3 at 25). State Farm disagrees, arguing that extending coverage to this incident would be interpreting the Policy language too broadly.

When confronted with identical policy language and similar facts, Judge Gregory K. Frizzell of this District found that a golf cart incident on a country road in the same neighborhood as the insured residence did not qualify as "premises used in connection with" the residence. *State Farm Fire & Cas. v. Junker*, No. 14-cv-396-PJC, 2015 WL 12585906, at *2 (N.D. Okla. July 8, 2015). According to Judge Frizzell, placing public roads within the scope of "premises used in connection with" an insured property would require an interpretation "much broader than any reasonable reading of the language in the policy." *Id*.

Similarly, in *Massachusetts Property Insurance Underwriting Association v. Wynn*, the Massachusetts Court of Appeals held that a HOA-owned beach located less than 500 feet from the insured residence, separated from the residence by a parking lot and a stream, did not fall under the category of premises used "in connection with" the residence. 806 N.E.2d 447 (Mass. App. Ct. 2004). This court determined that the "insured location" definition was "not meant to encompass adjacent, nonowned land on which an ATV might be used any more than it is intended to include parks or recreational facilities in proximity to the residence that the insured may enjoy and use regularly." *Id*. at 829-30. "Such locations," the court held, "are neither intended nor reasonably understood to be 'insured locations' under a homeowner's policy." *Id*. at 830.

The Court finds the reasoning in *Junker* and *Wynn* to be persuasive. Extending coverage to the publicly owned sandy embankment where this ATV incident occurred—0.32 miles away from Lusk's lake house—would require too broad a reading of the Policy language. Thus, the

Court finds that the Policy does not provide personal liability coverage for the subject accident, and State Farm has no duty to continue defending Lusk in the Oklahoma County negligence suit or any other action arising from the subject accident.

Plaintiff State Farm's Motion for Summary Judgment (Doc. 23) is hereby **granted**. State Farm's Application to Set Motion for Summary Judgment for Hearing (Doc. 31) is hereby **moot**.

The Court notes that Defendant Lusk has filed a counterclaim in this action seeking a declaratory judgment finding that the Policy <u>does</u> provide coverage in the underlying negligence suit. Because the Court is granting summary judgment in favor of State Farm on its claim for a declaratory judgment on the same issue, it follows that the Court must also grant summary judgment in favor of State Farm on Lusk's counterclaim.

A separate judgment will be entered forthwith.

ORDERED this 25th day of May, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE